IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREIL R. BERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-00244-PRW |
| FNU GARDNER, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On June 11, 2024, United States Magistrate Judge Amanda L. Maxfield issued a Report and Recommendation (Dkt. 9) in this action, in which she recommends that the Court dismiss Plaintiff Andreil R. Berry's complaint. Judge Maxfield advised Berry of his right to object to the Report and Recommendation by July 2, 2024, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, and that failure to make a timely objection would waive any right to appellate review of the factual and legal issues addressed in the Report and Recommendation.

To date, Berry has filed no objection.[1] He has therefore waived his right to appellate review of the Report and Recommendation.[2] In the absence of a timely objection, the Court reviews the Report and Recommendation to confirm that there is no plain error on the face

---

[1] Berry's July 8, 2024 Notice (Dkt. 10), pertains to Judge Maxfield's Report and Recommendation of May 8, 2024 (Dkt. 6), which the Court has already resolved (Dkt. 8).

[2] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).

1

of the record.[3] Having done so, the Court generally agrees with Judge Maxfield's analysis and conclusions.

Judge Maxfield recommends that the Court dismiss Berry's claim against the Warden at Lawton Correctional Facility "for failing to allege anything fact-specific about the Warden in connection with the alleged violation of his rights."[4] But a court should only dismiss "a pro se complaint for failure to state a claim" where "it would be futile to give him an opportunity to amend."[5] While Berry has not yet attempted to amend his complaint, the Report and Recommendation does not address whether such amendment would be futile.

In light of that, the Court finds that it would not be futile to give Berry an opportunity to amend his complaint as to his claim against the Warden at Lawton Correctional Facility. Berry may therefore file a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), on or before August 5, 2025. Said motion must include the proposed amended complaint, as required by LCvR15.1, and Berry shall not seek to reassert his other claims in said amended complaint. The Court cautions Berry that failure to seek leave to file an amended complaint by August 5, 2025, will likely result in the Court's entry of a final judgment dismissing his complaint in whole.

---

[3] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

[4] R. & R. (Dkt. 9), at 5.

[5] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018).

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 9) **IN PART**; **DISMISSES WITHOUT PREJUDICE** Berry's (1) claim seeking release from custody and (2) claim against the Warden at Lawton Correctional Facility; and **DISMISSES** Berry's claim against Defendant Case Manager Gardner.

**IT IS SO ORDERED** this 15th day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE